UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHERYL C.,

                         Plaintiff,

v.                                            CASE # 20-cv-00777

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

LAW OFFICES OF KENNETH HILLER        KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                          SAMANTHA J. VENTURA, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.            ALLISON L. GRANGER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  PADMA GHATAGE, ESQ.
  Counsel for Defendant                       QUINN N. DOGGETT, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  **RELEVANT BACKGROUND**

    A.  **Factual Background**

Plaintiff was born on July 26, 1968 and has a high school education. (Tr. 235, 243). Generally, plaintiff's alleged disability consists of bruised ribs and collarbone contusion, four herniated discs in the neck, tear in left rotator cuff, migraines, and spinal stenosis. (Tr. 234). Her alleged onset date of disability is December 10, 2015, and date last insured is September 30, 2018. (Tr. 243).

    B.  **Procedural History**

On March 10, 2017, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 188-205). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On March 11, 2019, plaintiff appeared before the ALJ Ellen Parker Bush. (Tr. 56-90). On May 20, 2019, ALJ Bush issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-25). On April 28, 2020 the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

    C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2018.

2. The claimant has not engaged in substantial gainful activity since December 10, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: cervical spine degenerative disc disease *status post* ACDF C4-C6; and left shoulder dysfunction *status post* arthroscopic repair (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 10 pounds frequently and 20 pounds occasionally and she can sit, stand and walk for 6 hours. The claimant can occasionally push, pull and reach overhead with the bilateral upper extremities; and she can frequently handle and finger. She can occasionally climb stairs and ramps, stoop, kneel and crouch; however, she can never climb ladders, ropes or scaffolds or crawl. Furthermore, the claimant must avoid moderate exposure to unprotected heights and machinery with external moving parts.

6. The claimant is capable of performing past relevant work as: file clerk (DOT: 206.387-034, light, semi-skilled SVP3); cashier II (DOT: 211.462-01, light, unskilled SVP2); transportation clerk (DOT: 238.367-030, sedentary, semi-skilled SVP4); debt collection clerk (DOT; 241.367-026, sedentary, semi-skilled SVP2): and, title clerk (DOT: 203.582-066, sedentary, semi-skilled SVP3)). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 10, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 12-25).

**II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION**

    **A.    Plaintiff's Arguments**

Plaintiff broadly argues the RFC finding is unsupported by substantial evidence because the ALJ improperly relied upon stale opinion evidence and that the RFC is not supported by a medical opinion. (Dkt. No. 14 at 1, 14, 16 [Pl.'s Mem. of Law]).

    **B.    Defendant's Arguments**

Defendant responded to plaintiff's points arguing the RFC finding is supported by substantial evidence. (Dkt. No. 16 [Def.'s Mem. of Law]).

### III.    RELEVANT LEGAL STANDARD

####   A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.     ANALYSIS

Plaintiff primarily argues the RFC is not supported by substantial evidence because the ALJ relied on a stale opinion and therefore used her own lay opinion in formulating the RFC. (Dkt. No. 14 at 16). Plaintiff does not assert any specific error by the ALJ in the evaluation of mental health impairments but focuses on the physical impairments and related RFC limitations.

Plaintiff's repeated assertions that the ALJ erred because she did not have an opinion to support each limitation in the RFC is without merit. It is the ALJ, and not a medical source, who

is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations.").

The administrative record in this case contained an opinion from medical consultant Dr. Ehlert dated August 2017. (Tr. 79). Dr. Ehlert reviewed the evidence of record and opined that plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently; sit, stand and/or walk for about six hours in an eight hour workday; occasionally climb ramps and stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl; had restrictions in reaching and handling on the left side due to her left shoulder injury; and should avoid concentrated exposure to hazards. (Tr. 99-102). The ALJ afforded significant weight to Dr. Ehlert's opinion, and largely incorporated the opinion into the RFC for light work with multiple additional limitations. (Tr. 20-27). Plaintiff asserts the opinion was stale because she underwent left shoulder surgery in January 2018. (Dkt. No. 14 at 16; Tr. 1131).

Generally, an opinion issued during a relevant period is not stale. *Andrews v. Berryhill,* No. 17-cv-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018). Furthermore, the Second Circuit has affirmed that an ALJ is entitled to assign great weight to the opinion of a state agency consultant who has not reviewed the entire longitudinal record, so long as the subsequent treatment notes and opinion evidence does not differ materially from the evidence reviewed by the consultant. *See Camille v. Colvin*, 652 F. App'x 25, 28 n.4. (2d. Cir. 2016) (summary order). ALJ Bush clearly recognized Dr. Ehlert reviewed plaintiff's file at the initial administrative level but it was generally consistent with the entire record at the time of the hearing. (Tr. 23). Although plaintiff continued to complain of pain post-surgery, the ALJ observed "post-operative objective medical evidence demonstrated significant functional improvement in both the neck and left upper extremity." (Tr. 22). The ALJ discussed treatment notes of continued progress, increased range of motion, minimal objective findings, and good strength status post-surgery. (Tr. 22)

While it is true that an ALJ cannot selectively choose only portions of a medical opinion that support her determination, while ignoring others, the ALJ in this case did not ignore any portion of Dr. Ehlert's opinion. *See Bohart v. Astrue*, No. 10-CV-6503, 2011 WL 2516413, at *5 (W.D.N.Y. June 23, 2011). The inclusion of additional postural and manipulative limitations, beyond those limitations opined by Dr. Ehlert, is evidence that the ALJ did not rely solely on the opinion of Dr. Ehlert as argued by plaintiff. Plaintiff fails to reference treatment records post-dating Dr. Ehlert's opinion showing deterioration in plaintiff's physical functioning prior to the surgery. Additionally, as discussed in part above, plaintiff is incorrect in stating there is no medical evidence showing improvement after the surgeries. (Dkt. No. 14 at 18). Although plaintiff continued to complain of pain post-surgery, ALJ Bush observed that post-operative objective medical evidence demonstrated significant functional improvement in both the neck and left upper

extremity. (Tr. 22). The ALJ considered that seven months post-shoulder surgery, in October 2018, plaintiff exhibited full range of motion, full 5/5 strength, and the surgeon found the left upper extremity neurologically intact. (Tr. 1453-454). Treatment notes remark she was doing well and her surgeon was very happy with her progress, pain levels and function. (Tr. 1453). The ALJ also reviewed plaintiff's physical therapy discharge report from September 2018 indicating that she had an excellent outcome with physical therapy and noted that plaintiff had full range of motion and good strength with pain-free overhead lifting at that time. (Tr. 22, *citing* 1080). The ALJ further observed that plaintiff denied any tenderness to touch and reported stiffness only sometimes. (*Id.*). Additionally, the ALJ considered examinations from 2019 which revealed minimal objective findings, such as slightly limited cervical range of motion but full left upper extremity range of motion with full 5/5 strength, despite plaintiff's subjective complaints. (Tr. 22, *citing* 1442-447).

    ALJ Bush appropriately assessed an RFC based on all relevant evidence, including objective medical evidence, medical history, clinical findings, prescribed treatment and claimant's own descriptions of limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). The ALJ discussed the clinical and laboratory findings that were inconsistent with plaintiff's claims of debilitating pain, as well as daily activities that were not consistent with plaintiff's claims of limitations (Tr. 20-24). *See, e.g., Bamberg v. Comm'r of Soc. Sec.*, No. 18-CV-00337-DB, 2019 WL 5618418, at *5 (W.D.N.Y. Oct. 31, 2019) ("In this case, the ALJ discussed the subsequent medical evidence in detail, and there is no indication that any later-received evidence 'raise[s] doubts as to the reliability of [the consultative examining physician's] opinion.'") (quoting *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2012)) (internal record citation omitted).

The opinion by Dr. Ehlert was not stale but the ALJ also did not solely rely on it in formulating the RFC. She appropriately looked to the record as a whole and considered the objective findings, improvement of symptoms post-surgery, activities of daily living, and statements of physical abilities. (Tr. 22-24). Plaintiff argues the ALJ failed to fully develop the record but does not allege any missing records, only that additional medical opinions should have been obtained. (Dkt. No. 14 at 17). *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC). Plaintiff has cited evidence she believes supports greater limitations and disagrees with how the ALJ evaluated the evidence. However, when substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is

  **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is

  **GRANTED**.

Dated: December 15, 2022                                *J. Gregory Wehrman*
Rochester, New York                                      HON. J. Gregory Wehrman
                                                         United States Magistrate Judge